# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

### CRIMINAL CASE NO. 1:96cr13-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| | ) | |
| ALVIN LEWIS KINCAID. | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Reduce Sentence pursuant to Title 18 U.S.C. §3582(c)(2) Amendment 599 [Doc. 68] and his Affidavit/Declaration in Support of Request to Proceed *in Forma Pauperis* [Doc. 69].

In 1997, the Defendant was sentenced to 25 years imprisonment pursuant to a plea agreement in connection with his convictions for conspiracy to commit bank robbery, armed bank robbery, and using and carrying a short-barreled shotgun during a crime of violence, in violation of 18 U.S.C. §§371, 2113(d) & 924(c)(1). [Doc. 35]. The Defendant was determined to be a career offender pursuant to U.S.S.G. §4B1.1 and his offense level, before adjustment, was set at 37. [Doc. 72-1, at 11]. His total offense level of 34

(after adjustment for acceptance of responsibility) and his criminal history category of VI resulted in a guideline range of 262 to 327 months imprisonment. [Id.]. He was sentenced to 25 years, *i.e.*, 300 months imprisonment.

In 2000, the Sentencing Commission adopted Amendment 599, United States Sentencing Guidelines Manual App.C (Supp.2000), which amended the application notes of U.S.S.G. §2K2.4. United States v. Jones, 259 Fed.Appx. 554 (4th Cir. 2007), *citing* United States v. Hickey, 280 F.3d 65, 68-69 (1st Cir. 2002), *certiorari denied* 537 U.S. 855, 123 S.Ct. 212, 154 L.Ed.2d 90 (2002). The amendment was made retroactive by U.S.S.G. §1B1.10(c). United States v. Dunphy, 551 F.3d 247, 249 n.2 (4th Cir. 2009), *certiorari denied* 129 S.Ct. 2401, 173 L.Ed.2d 1296 (2009). The Defendant has moved for a reduction in his sentence pursuant to 18 U.S.C. §3582(c)(2) which provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission ..., upon motion of the defendant ... the court may reduce the term of imprisonment[.]

18 U.S.C. §3582(c)(2).

> [The Defendant's] sentence was imposed not on the basis of the underlying offense[s], *i.e.*, armed robbery [and using a firearm during a crime of violence], but on the basis of his career offender

status. On its face, therefore, Amendment 599 does not apply to [the Defendant]. ... [O]nce the career offender guideline was applied, the sentencing scheme for the underlying offense[s] fell out of the picture as did the enhancements to which Amendment 599 refers.

Hickey, 280 F.3d at 68. "[A] sentencing court has no authority to entertain a sentence reduction motion under section 3582(c)(2) when the guideline amendment in question does not affect the guideline sentencing range actually used by the sentencing court." United States v. Caraballo, 552 F.3d 6, 11 (1st Cir. 2008), *certiorari denied* 129 S.Ct. 1929, 173 L.Ed.2d 1075 (2009). Because the Defendant's sentence was based on the career offender offense level and the resulting sentencing range, not the offense levels and sentencing ranges for the underlying offenses, §3582(c)(2) is unavailable to him. Id.; United States v. Jenkins, 2009 WL 1702076 (W.D.N.C. 2009), *affirmed* 368 Fed.Appx. 380 (4th Cir. 2010), *certiorari denied* 130 S.Ct. 3524, 78 USLW 3763 (2010); United States v. Cruz, 2008 WL 2967527 (D.Me. 2008) (The defendant's "career offender status is what drove the Guidelines range, not the Guidelines calculations for crack cocaine.").

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Reduce Sentence pursuant to Title 18 U.S.C. §3582(c)(2) Amendment 599 [Doc. 68] is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the Defendant's Affidavit/Declaration in Support of Request to Proceed *in Forma Pauperis* [Doc. 69], construed as a motion, is hereby **DENIED** as moot.

Signed: November 11, 2010

Martin Reidinger
United States District Judge